1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

ROBERT JOHN THIERY JR,

10                              Petitioner,

11        v.

12    MARGARET GILBERT,

13                              Respondent.

CASE NO. 3:16-CV-06034-RBL-JRC

AMENDED REPORT AND
RECOMMENDATION

NOTED FOR: FEBRUARY 17, 2017

14
15

Petitioner Robert John Thiery Jr. filed a 28 U.S.C. § 2254 petition challenging his 1994

16
conviction of murder and robbery. Dkt. 4. The Court's records reflect that the petition is a second

17
or successive petition which must be transferred to the Ninth Circuit.

18
The undersigned submits this amended report and recommendation to correct a citation

19
error with regard to Ninth Circuit Rule 22-3, which was revised in July 2016. The substance and

20
recommendation are the same as the undersigned's original report and recommendation dated

21
January 17, 2017.

22

**DISCUSSION**

23
Petitioner previously sought habeas relief in this Court as to his 1994 conviction. *See*

24
*Thiery v. Morgan,* Case No. 02-5278-FDB.  In the 2002 petition, petitioner argued that: (1) the

jury was wrongfully instructed that first degree murder is a lesser included offense to aggravated murder; (2) the jury was wrongfully instructed on accomplice liability; and (3) petitioner's federal rights were violated by the accomplice conviction of first degree murder. *Thiery v. Morgan,* Case No. 02-5278-FDB at Dkt. 10 at 7. The Court denied the 2002 petition, finding that ground one failed on the merits, and that grounds two and three were unexhausted but procedurally barred. *See Thiery v. Morgan,* Case No. 02-5278-FDB at Dkts. 10, 12.

In his present petition, petitioner again attempts to challenge his 1994 conviction of murder and robbery. Dkt. 4. Petitioner raises one ground for relief – whether his sentence violates due process based on the 2014 Washington Supreme Court's ruling in *State v. Williams,* 336 P.3d 1152 (2014). Dkt. 4 at 16. Petitioner argues that based on *Williams,* the burglary anti-merger statute cannot be used to separate a defendant's prior convictions for purposes of a criminal history score. *Id.* It appears petitioner contends *Williams* is new legal authority which would allow for a successive petition.[1] *Id.* at 48.

Based on the foregoing, this appears to be a second or successive petition.  If a petition is second or successive, then petitioner must seek authorization from the Court of Appeals before filing the new petition with the district court.  28 U.S.C. § 2244 (b) (3) (A).   Ninth Circuit Rule 22-3 (a) provides guidance:

> If an application for authorization to file a second or successive section 2254 petition or section 2255 motion is mistakenly submitted to the district court, the district court shall refer it to the court of appeals. If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals.

---

[1] The Court notes that only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2244(b)(2)(A).

Because this petition contests the same 1994 conviction as his 2002 petition, petitioner was required to receive authorization from the Court of Appeals before filing his second challenge.  Because petitioner has failed to do so, this Court is without jurisdiction to entertain it. *Burton v. Stewart,* 549 U.S. 147, 152 (2007).

## CONCLUSION

The Court recommends that this petition be referred to the Ninth Circuit and that the file be administratively closed without deciding whether the petition should be dismissed.  The Clerk's Office is directed to strike the original report and recommendation (Dkt. 7) off the record and docket this report and recommendation as amended.

Pursuant to 28 U.S.C. § 636 (b) (1) and Fed. R. Civ. P. 72 (b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge.  *See* 28 U.S.C. § 636 (b) (1) (C).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 17, 2017** as noted in the caption.

Dated this 27th day of January, 2017.

J. Richard Creatura
United States Magistrate Judge